IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ADIMU ALI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:25-cv-02046-TLP-atc |
| v. ) | |
| ) | |
| MEMPHIS POLICE DEPARTMENT, et. al, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff Adimu Ali sued Defendants Memphis Police Department, Probate Court Judge Joe Townsend, Reginald and Janelle Eskridge, and Clifton and Shirley Brown for allegedly violating his parental rights. (ECF No. 2.) He asserts that he lost custody over his children through a Guardianship Order with which the Defendants were involved. (*Id.*)

Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Annie T. Christoff for management of all pretrial matters. Because Plaintiff is proceeding in forma pauperis in this matter, Judge Christoff screened the Complaint under 28 U.S.C. § 1915(e)(2) and issued an R&R in May 2025. (ECF No. 11.) In the R&R, Judge Christoff recommends the Court dismiss Plaintiff's claims.

**LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions for summary judgment. 28 U.S.C. § 636(b)(1)(A)–(B). And the Court "may accept, reject, or modify, in

1

whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).  A party may object to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If neither party objects, then the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee's note.  Judge Christoff entered her R&R in May 2025.  Plaintiff did not object, and the time to do so has now passed.[1]  The Court therefore reviews the R&R for clear error.

## DISPOSITION AND CONCLUSION

Having reviewed the record, the Court finds no clear error in Judge Christoff's R&R.  The Court agrees with Judge Christoff that Plaintiff's Complaint fails to state a 42 U.S.C. § 1983 claim against the Eskridges and Browns because they are not state actors and did not act under the color of state law.  (*See* ECF No. 11 at PageID 25.)  *See Nugent v. Spectrum Juv. Just. Servs.*, 72 F.4th 135, 139–40.  And as Judge Christoff points out, Plaintiff's § 1983 claim against the Memphis Police Department fails because he has identified no municipal "policy" or "custom" that harmed him.[2]  (ECF No. 11 at PageID 26 (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)).)  Judge Christoff also correctly explains that judicial immunity bars Plaintiff's claim against Judge Townsend.  (*Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 9–13 (1991)).)  Lastly, Plaintiff attempts to "[t]erminate[]" the Guardianship Order.  (ECF Nos. 2, 13.)  But that would

---

[1] Plaintiff did not object but instead amended his complaint.  (ECF No. 13.)  The Amended Complaint provides no additional facts that support his claims and therefore does not change the analysis here.  (*Id.*)

[2] Plaintiff's Amended Complaint requests "a ruling be made regarding the training of police officers."  (ECF No. 13.)  But that claim for relief does not somehow plausibly allege that the Memphis Police Department's current training methods are an unconstitutional "policy" or "custom."  *See Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

violate the *Rooker-Feldman* doctrine and therefore falls outside the Court's jurisdiction. (ECF No. 11 at PageID 28 (citing cases).)

For these reasons, the Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's claims.

**SO ORDERED**, this 13th day of August, 2025.

                                          s/Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE